UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AVRIL L. ULETT,<br><br>　　　　Defendant. | Civ. No. 2:11-cv-00434 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Plaintiff HICA Education Loan Corporation ("HICA") brings this action against Defendant Avril L. Ulett, a/k/a Avril L. Ulett Atwell, seeking a judgment against Defendant for an unpaid student loan.  This matter comes before the Court on Plaintiff's motion for summary judgment.  The motion is unopposed.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED**.

　　I.　　BACKGROUND

　　The following facts are undisputed.[1]  On or about March 3, 1995, Defendant signed a promissory note payable to the Student Loan Marketing Association ("SLMA"), in the original principal amount of $23,673.33 ("the Note").  Decl. of Robin Zimmermann ("Decl.") ¶¶ 4(a), (b), ECF No. 9-5.  The Note was executed pursuant to 42 U.S.C. §§ 292 *et seq.* and federal regulations governing the administration of the Health Education Assistance Loan ("HEAL") Program.  Decl. Ex. 1, ECF No. 9-6.  On November 24, 2003, the SLMA sold the Note to HICA.  *Id.*; Decl. ¶ 4(d).  Defendant

---

[1] Defendant, *pro se*, filed a one-page Answer to the Complaint acknowledging that she took out the loan and stating that she was trying to settle the dispute.  But Defendant did not file an opposition to the instant motion or provide any other information to the Court.  If the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

1

failed to make the payments due under the terms of the Note. Decl. ¶ 4(c). Plaintiff seeks a judgment for the unpaid principal in the amount of $38,458.10, in addition to $8,513.62 in unpaid interest and other damages.[2] *Id.* ¶¶ 4(e) and (f).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.   DISCUSSION

In an action to recover on a promissory note for student loans, a plaintiff must show that: "(1) the defendant signed it, (2) the [plaintiff] is the present owner or holder, and (3) the note is in default." *United States v. Hargrove*, No. 06-1059, 2007 WL2811832, at *2 (E.D. Pa. Sept. 24, 2007) (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). In this case, Plaintiff has shown all three factors. First, Plaintiff provided a copy of the Note bearing Defendant's signature. Decl. Ex. RZ1, ECF No. 11-1 ("Note"). Second, Plaintiff provided a copy of the Bill of Sale and Blanket Endorsement that transferred the Note from SLMA to HICA, and an affidavit stating that HICA is the present holder and owner of the Note. Decl. Ex. RZ1 at 4-6, ECF No. 9-5; Decl. ¶ 4(d). Third, Plaintiff provided computerized loan records showing that the Note is in default. Decl. Ex. RZ2, ECF No. 9-7. Thus, Plaintiff has satisfied its burden and is

---

[2] The unpaid principal balance of the Note ($38,458.10) may correctly exceed the original principal balance of the Note ($23,673.33). Under the express terms of the Note, "[i]nterest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every 12 months [and] [i]nterest that is not paid shall be added to the principal sum of this Note annually" ("Interest Capitalization Provision"). Note at 1; *see also* 42 U.S.C. § 292d(a)(2)(D) (1992). In this case, Plaintiff provided documentation showing that accrued interest was added to the principal sum of the Note no more than once a year from 1996 through 2007. Decl. Ex. RZ2, ECF No. 10-2. Because some of the interest on the Note was capitalized in accordance with the Interest Capitalization Provision, the current principal balance of the Note exceeds the original balance by $14,784.77. Pursuant to the policy of Sallie Mae, the servicing agent for HICA, interest has not been capitalized since the commencement of the litigation. Supp. Decl. of Robin Zimmerman ¶ 4(j), ECF No. 10-1. Thus, there is additional unpaid interest that has not been capitalized.

entitled to judgment as a matter of law.  *See United States v. Considine*, No. 06-6118, 2008 WL 4723030 (D.N.J. Oct. 24, 2008) (lender entitled to summary judgment based on copies of the plaintiff's promissory notes and declaration stating that the lender was the holder of the defaulted loans); *Hargrove*, 2007 WL 2811832 at *2.

Because Plaintiff has prevailed on its claim, Plaintiff is entitled to a judgment in the amount of $46,971.72, comprised of the unpaid principal ($38,458.10) and the amount of unpaid interest set forth in Plaintiff's papers ($8,513.62).  *See* Supp. Decl. ¶¶ 4(n) and (o).  Plaintiff will be given fourteen (14) days from entry of the Order to file a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d).  The Court will include any additional prejudgment interest owed in its subsequent judgment.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**.  Judgment is entered in the amount of $46,971.72.  Plaintiff shall have fourteen (14) days from the date of this opinion to submit an application detailing the attorney's fees and costs requested.  An appropriate order follows.

        /s/ William J. Martini  
        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 10, 2012**